UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| NEALLY CUNNINGHAM | : | DOCKET NO. 13-cv-1156 |
| BOP # 26299-018 | | SECTION P |
| | | |
| VERSUS | : | JUDGE TRIMBLE |
| | | |
| UNITED STATES ET AL. | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss [doc. 23] filed by the United States, Mrs. Adams ("Ducote"),[1] and Lieutenant Luther ("Luther") (collectively, "defendants"). The plaintiff in this matter, Neally Cunningham ("plaintiff"), opposes the motion. Docs. 27, 36. For the reasons below, we recommend that the motion be **GRANTED** and that the action be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

The plaintiff is an inmate in the custody of the Bureau of Prisons, formerly incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").[2] He alleges that he sought treatment there on April 2, 2012, complaining of "heaving bleeding coming from his rectum do [sic] to a large lump in his rectum [that] had burst . . . ." Doc. 1, p. 2.[3] Defendant Ducote, who

---

[1] The defendant identified as "Mrs. Adams" is now known by the surname Ducote. Doc. 23, att. 1, p. 2 n. 1.
[2] Since filing this action, Cunningham has been transferred to another federal correctional facility, located in Jesup, Georgia. Doc. 18.
[3] Attached to the motion is an affidavit of Clint Sonnier, Health Services Administrator at FCI Oakdale. He states with supporting reference to plaintiff's medical records that plaintiff appeared first on March 29, 2012, complaining of pain to the rectal area and was diagnosed as having a small hemorrhoid. Doc. 23, att. 2, p. 2. Defendant presented again on April 3, 2012, at which time he complained that the hemorrhoid ruptured and was leaking. *Id.* In response to the instant Motion to Dismiss, plaintiff denies he suffered from a hemorrhoid, continuing to describe his malady as he alleged in his original complaint. Doc. 27, att. 1, p. 38. From the information available it appears that defendants'

was the health services worker, told him that he could not receive treatment until the following day because he had missed the morning sick call. *Id.* He further claims that Ducote was intoxicated and began to yell at him when he asked to speak to her supervisor. *Id.* at 2–3. At this point Ducote allegedly called upon Luther to remove the plaintiff from the area. *Id.* at 3.

The plaintiff states that he located Ducote's supervisor and was promised medical care if he would wait at Health Services. *Id.* He alleges that when he returned there, Ducote yelled at him for going "over [her] head" and called for a corrections officer, Lieutenant Chapman ("Chapman"), to remove him. *Id.* at 3–4. The plaintiff states that he told Chapman about his order from Ducote's supervisor. *Id.* at 4. When Chapman had confirmed the plaintiff's story, he returned him to Health Services. *Id.* at 4–5. The plaintiff alleges that Ducote then called Luther back to the scene and, after Luther and Ducote conferred privately, Luther ordered the plaintiff to leave Health Services at once or be placed in the Special Housing Unit. *Id.*

The plaintiff states that he was removed from Health Services for a final time, without being given any treatment or instruction on how to care for his condition. *Id.* at 5. He did not receive medical treatment until April 3, 2012,[4] by which point he alleges that he had suffered pain and infection as a result of having to pack the region with toilet paper and having the wound exposed to bacteria. *Id.* At his April 3 visit he received a prescription for an antibiotic and was scheduled for a follow-up at Health Services. Doc. 11, att. 2. At the follow-up appointment the plaintiff voiced no complaints related to the hemorrhoid or the previously affected region of his body. Doc. 23, att. 2, p. 2.

---

discussion of plaintiff's hemorrhoid and plaintiff's complaint of a "large lump in his rectum that had burst" refer to the same condition.
[4] Cunningham alleges a 36 hour delay in receiving medical care, though the time of his first visit to Ducote and the time of his April 3 visit show a maximum 27.5 hour delay. Doc. 1, p. 2; Doc. 11, att. 2.

On May 15, 2013, the plaintiff filed a *pro se* complaint relating to the above actions, alleging liability on the part of the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and on the part of Ducote and Luther under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 91 S.Ct. 1999 (1971).[5] Doc. 1, pp. 1–8. He seeks compensatory under Louisiana medical malpractice law and the FTCA, as well as declaratory relief and compensatory and punitive damages for alleged constitutional violations and whatever other relief this court deems appropriate. *Id.* at 7–8.

## II.
### LAW & ANALYSIS

The defendants filed the instant Motion to Dismiss on November 2, 2015, alleging that: 1) Cunningham failed to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; 2) Ducote and Luther are subject to qualified immunity; 3) this court lacks subject matter jurisdiction due to the plaintiff's failure to exhaust his administrative remedies and claim for damages to which he is not entitled under the FTCA; and 4) this court lacks personal jurisdiction over the claims against Luther based on insufficient service of process. Doc. 23, att. 1.

The defendants also filed a Motion for Summary Judgment [doc. 30] on which we suggest through a separate Report and Recommendation plaintiff's claims for compensatory damages be dismissed with prejudice. Review of this Motion to Dismiss is limited to the plaintiff's allegations of constitutional violations for which he claims entitlment to declaratory relief and punitive damages. *See* Doc. 1, pp. 7–8.

---

[5] This court ordered Cunningham to amend his complaint, on the grounds that he had failed to state a cognizable claim or provide proof that he had exhausted all administrative remedies. Doc. 10. Cunningham responded that he would provide proof of administrative remedy exhaustion once he obtained it, but insisted that he had stated cognizable claims for both retaliation and inadequate medical care. Doc. 11. Accordingly, he declined to amend other than to provide proof of his April 3, 2012 visit to Health Services. *Id.* at 4; Doc. 11, att. 2.

### A. *Rule 12(b)(6) Standards*

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp. 2d 383, 388 (E.D. La. 2006).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1950. We take as true all factual allegations in the complaint but are not bound by the plaintiff's legal allegations. *Id.* at 1949–50. Accordingly, we are not required to give any weight to "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrers v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (internal quotations omitted).

### B. *Constitutional Claims*[6]

In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983. *See* 91 S.Ct. at 2004–05. Section 1983 allows for defendants to be held liable when they act under color of state law to deprive a person of his

---

[6] In addition to the claims discussed below, the plaintiff alleges that his right to due process under the Fourteenth Amendment was violated. Doc. 1, p. 7. As he makes no arguments under Equal Protection or privileges and immunities, it appears that he is invoking the Due Process clause of that amendment (which applies to violations by state rather than federal action). See U.S. CONST. Amend. XIV. We discuss his due process claims instead under the Fifth Amendment, *infra*.

federally guaranteed rights. *Carey v. Piphus*, 98 S.Ct. 1042, 1047–49 (1978). Accordingly, the plaintiff alleges numerous constitutional violations on the part of Ducote and Luther.[7]

### 1. First Amendment

The plaintiff claims that his right to be free from retaliation under the First Amendment was violated when Ducote and Luther denied him medical care based on his decision to complain to Ducote's supervisor.

"The First Amendment shields speech not only from direct limitations but also from adverse government action against individuals because of their speech . . . ." *Kinney v. Weaver*, 367 F.3d 337, 357 (5th Cir. 2004) (quoting *Colson v. Grohman*, 174 F.3d 498, 508 (5th Cir. 1999)) (internal quotations and alterations removed). However, an adverse result must occur for the retaliation to be actionable. *Pierce v. Texas Dept. of Criminal Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

Here the sole alleged retaliation was the delay of medical care. Ducote had stated from the outset, before the plaintiff began complaining, that he could not be seen until the next day's sick call. There is no indication that his complaints resulted in any further delay or other punishment. Therefore he has failed to state a cognizable claim with respect to the First Amendment.

### 2. Fifth Amendment

The plaintiff alleges that Luther violated his right to due process when he threatened him with the Special Housing Unit and failed to protect him from Ducote's retaliatory action. The Due

---

[7] He also seeks to have the United States declared responsible for the alleged constitutional violations and/or negligence of Ducote and Luther. Doc. 1, p. 8. The government's liability under the FTCA is handled in the undersigned's concurrent recommendation on the defendants' Motion for Summary Judgment [doc. 30]. The question of the government's immunity for the constitutional claims need only be addressed if constitutional violations are found.

Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without Due Process of law . . . ." U.S. CONST. Amend. V.

No retaliation was found from the denial of medical care. Therefore only the threat of the assignment to the Special Housing Unit is relevant to this claim. Administrative segregation in prisons may implicate the right to due process as a deprivation of liberty in certain extraordinary circumstances. *See Wilkerson v. Goodwin*, 774 F.3d 845, 855 (5th Cir. 2014) (collecting cases). However, the plaintiff does not indicate that he suffered any consequence beyond threatened segregation, with no indication as to length. These words do not rise to the "extraordinary circumstances" to invoke a deprivation of liberty. Accordingly, there is no cognizable complaint with respect to the Fifth Amendment.

### 3. *Eighth Amendment*

Lastly, the plaintiff alleges that the delay in medical care amounted to cruel and unusual punishment, which is forbidden by the Eighth Amendment. U.S. CONST. Amend. VIII. "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Deliberate indifference in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be draw; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur Cnty., Texas*, 245 F.3d 447, 458–59 (5th Cir. 2001). It "cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Id.* at 459. "Deliberate indifference encompasses only unnecessary and

wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

As the undersigned indicated in the Order to Amend, Cunningham has not stated a claim under the Eighth Amendment because he fails to show that substantial harm resulted from the defendants' actions. Even if this court accepts the rather tenuous claim that the delay in treatment caused an infection, there is no basis for considering this complication to be substantial harm. Cunningham's own shows that the infection was resolved with a single course of antibiotics, and that treatment was confined to the prison's Health Services. Furthermore, the pleadings do not demonstrate sufficient animus in the defendants' actions. Even though the plaintiff alleges that Ducote was intoxicated and that she and Luther conspired against him, he experienced no consequences beyond the boundary she set at their first encounter: to wait until the next day's sick call. This delay is sufficiently repugnant to infer an intent that the plaintiff suffer substantial harm. Therefore there is no cognizable claim with respect to the Eighth Amendment.

All of the claims reviewed here are subject to dismissal under Rule 12(b)(6), thus precluding inquiry into the other grounds for dismissal.

### III.
#### CONCLUSION

Based on the above, the plaintiff has failed to state a claim for which relief can be granted with regards to his constitutional claims. As he has already been given the opportunity to amend, there is no need for further leniency based on his *pro se* status. It is thus **RECOMMENDED** that the Motion to Dismiss [doc. 23] be **GRANTED** with respect to his constitutional claims. As the undersigned has made a concurrent recommendation of summary judgment for the plaintiff's other claims, it is also **RECOMMENDED** that the action be **DISMISSED WITH PREJUDICE.**


Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 22nd day of February, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE