UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NEALLY CUNNINGHAM** | : | **DOCKET NO. 13-cv-1156** |
| **BOP # 26299-018** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **UNITED STATES ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment [doc. 30] relating to the *pro se* civil suit filed by Neally Cunningham ("plaintiff") against the United States of America, Mrs. Adams ("Ducote"),[1] and Lieutenant Luther ("Luther") (collectively, "defendants"). The defendants now move summary judgment pursuant to FED. R. CIV. P. 56. The plaintiff has not filed any opposition to the motion.

For the reasons stated below, the undersigned recommends that the defendants' Motion for Summary Judgment be **GRANTED** and that the plaintiff's claims relating to medical malpractice be **DISMISSED WITH PREJUDICE.**

### I.
### BACKGROUND

The plaintiff is an inmate in the custody of the Bureau of Prisons, formerly incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").[2] He alleges that he sought treatment there on April 2, 2012, complaining of "heaving bleeding coming from his rectum do

---

[1] The defendant identified as "Mrs. Adams" is now known by the surname Ducote. Doc. 23, att. 1, p. 2 n. 1.
[2] Since filing this action, Cunningham has been transferred to another federal correctional facility, located in Jesup, Georgia. Doc. 18.

[sic] to a large lump in his rectum [that] had burst . . . ." Doc. 1, p. 2.[3] Defendant Ducote, who was the health services worker, told him that he could not receive treatment until the following day because he had missed the morning sick call. *Id.* He further claims that Ducote was intoxicated and began to yell at him when he asked to speak to her supervisor. *Id.* at 2–3. At this point Ducote allegedly called upon Luther to remove the plaintiff from the area. *Id.* at 3.

The plaintiff contends that he was denied medical attention through the joint efforts of Luther and Ducote. *Id.* at 3–5. He did not receive treatment until April 3, 2012,[4] by which point he alleges that he had suffered pain and infection as a result of having to pack the region with toilet paper and having the wound come into contact with bacteria. *Id.* at 5. At his April 3 visit he received a prescription for an antibiotic and was scheduled for a follow-up at Health Services. Doc. 11, att. 2. At the follow-up appointment the plaintiff voiced no complaints related to the hemorrhoid or the previously affected region of his body. Doc. 23, att. 2, p. 2.

On May 15, 2013, the plaintiff filed a *pro se* complaint relating to the above actions, alleging liability on the part of the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and on the part of Ducote and Luther under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 91 S.Ct. 1999 (1971).[5] Doc. 1, pp. 1–8. He seeks

---

[3] Attached to the Motion to Dismiss is an affidavit of Clint Sonnier, Health Services Administrator at FCI Oakdale. He states with supporting reference to plaintiff's medical records that plaintiff appeared first on March 29, 2012, complaining of pain to the rectal area and was diagnosed as having a small hemorrhoid. Doc. 23, att. 2, p. 2. Defendant presented again on April 3, 2012, at which time he complained that the hemorrhoid ruptured and was leaking. *Id.* In response to the Motion to Dismiss filed by defendant at Doc. 23, plaintiff denies he suffered from a hemorrhoid, continuing to describe his malady as he alleged in his original complaint. Doc. 27, att. 1, p. 38. From the information available it appears that defendants' discussion of plaintiff's hemorrhoid and plaintiff's complaint of a "large lump in his rectum that had burst" refer to the same condition.

[4] Cunningham alleges a 36 hour delay in receiving medical care, though the time of his first visit to Ducote and the time of his April 3 visit show a maximum 27.5 hour delay. Doc. 1, p. 2; Doc. 11, att. 2.

[5] This court ordered Cunningham to amend his complaint, on the grounds that he had failed to state a cognizable claim or provide proof that he had exhausted all administrative remedies. Doc. 10. Cunningham responded that he would provide proof of administrative remedy exhaustion once he obtained it, but insisted that he had stated cognizable claims for both retaliation and inadequate medical care. Doc. 11. Accordingly, he declined to amend other than to provide proof of his April 3, 2012, visit to Health Services. *Id.* at 4; Doc. 11, att. 2.

compensatory under Louisiana medical malpractice law and the FTCA, as well as declaratory relief and compensatory and punitive damages for alleged constitutional violations and whatever other relief this court deems appropriate. *Id.* at 7–8. The instant Motion for Summary Judgment relates only to the medical malpractice claims and does not address the alleged constitutional violations. Doc. 30, p. 1.

## II.
### LEGAL STANDARDS

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp.,* 477 U.S. at 324. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Id*.

## III.
### LAW & ANALYSIS

The defendants contend that they are entitled to summary judgment on the medical malpractice/FTCA claims because the plaintiff has not alleged sufficient physical injury to support his claims, nor has he stated a viable claim of negligence in his medical care under Louisiana medical malpractice law.

Federal law places strict limits on actions for compensatory damages by prisoners. A person convicted of a felony may only bring an action against the United States or any agency employee thereof for mental or emotional injury suffered in custody if he shows he has suffered physical injury or the commission of a sexual act. 28 U.S.C. § 1346(b)(2). Under 42 U.S.C. § 1997e(e), this limitation also applies to any federal civil action brought by a prisoner.[6]

The defendants contend that the plaintiff has not shown the minimum required physical injury. They allege that the plaintiff has failed to establish a causal connection between the delay in medical care and any infection that resulted from his burst hemorrhoid. They also contend that, even if an infection were attributable to the delay, it would not rise to the minimum level of injury required for his claims.

There is insufficient evidence in the record to establish whether the delay in care could have caused or exacerbated the petitioner's condition. Assuming that it did, however, we agree with the defendants that it does not satisfy the injury requirement. This circuit interprets § 1997e(e) under the standards of physical injury guiding Eighth Amendment claims. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Accordingly, while the injury need not be significant, it must

---

[6] However, § 1997e(e) "turns on the relief sought . . . [and] the physical injury requirement does not bar declaratory or injunctive relief for violations of a prisoner's constitutional rights." *Hutchins v. McDaniels*, 512 F.3d 193, 197 (5th Cir. 2007). Nor does it bar a claim for punitive damages relating to constitutional violations. *Id.* This showing is therefore a jurisdictional prerequisite in FTCA cases, but does not impact the plaintiff's prayer for declaratory relief or punitive damages from alleged constitutional violations.

be more than *de minimis*. *Id.* The Fifth Circuit has held that a sore, bruised ear lasting three days did not satisfy § 1997e(e)'s physical injury requirements, but that injuries consisting of pain and "cuts, scrapes, contusions to the face, head, and body" did. *Compare id.* at 193–94 *with Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999).

Here the plaintiff does not allege that he suffered any pain beyond the maximum 36 hours in which he was denied medical care for his hemorrhoid. He also does not contradict the medical records, which show that any infection to the affected region had been remedied without complication by his April 16 follow-up appointment. The physical injury alleged here – pain during the period from April 2 until April 3 when his medical care was delayed, and an infection which was treated on April 3 and resolved by April 16 – must be characterized as *de minimis*. Accordingly, the plaintiff cannot establish that he is entitled to relief and the Motion for Summary Judgment should be granted.

The defendants' other argument under this motion—that the plaintiff has failed to state a claim of negligence—need not be considered here, as it is covered by the recommendation above. The constitutional claims are not addressed in the instant motion and are thus handled in the undersigned's concurrent recommendation on the Motion to Dismiss [doc. 23].

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the defendants' motion for summary judgment be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 22nd day of February, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE